# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR.,<br><br>            Petitioner,<br><br>      v.<br><br>SIRCOYA M. WILLIAMS,<br><br>            Respondent. | Case No. 1:25-cv-01573 KES SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 16) |

Lonnie Lee Poslof, Jr., is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The assigned magistrate judge performed a preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases and observed that Poslof "previously sought and was denied federal habeas relief in this Court with respect to the same conviction," in Case No. 1:21-cv-0339 JLT HBK (HC).  Doc. 16 at 2-3.  The magistrate judge observed that Poslof did not obtain leave from the Ninth Circuit to file the petition, and it was "an unauthorized successive petition."  *Id.* at 3.  Thus, the magistrate judge recommended the petition be dismissed for lack of jurisdiction.  *Id.*

On November 19, 2025, the court served the findings and recommendations upon Poslof and notified him that any objections were due within 21 days.  Doc. 16 at 3.  The court also "advised that failure to file objections within the specified time may result in the waiver of rights

1

on appeal." *Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  Poslof did not file objections, and the time to do so has expired.

Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a de novo review of the case.  Having carefully reviewed the entire matter, the court concludes the findings and are supported by the record and proper analysis.

The court also finds a certificate of appealability should not issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 33536 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on procedural grounds, the court may issue a certificate of appealability only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, reasonable jurists would not find the determination that the petition is successive debatable, wrong, or deserving of encouragement to proceed further.  Poslof also did not make the required substantial showing of the denial of a constitutional right.  Thus, the court **ORDERS**:

1.     The findings and recommendations issued on November 19, 2025 (Doc. 16), are **ADOPTED** in full.

2.     The petition for writ of habeas corpus is **DISMISSED**, as an unauthorized successive petition.

3.     The Clerk of Court is directed to enter judgment and close the case.

4.     The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    February 10, 2026

_____
UNITED STATES DISTRICT JUDGE

2